UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERICK CLAY (#441751)

VERSUS                                              CIVIL ACTION

CHAD OUBER, ET AL                                   NUMBER 08-748-FJP-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 20, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERICK CLAY (#441751)

VERSUS                                                CIVIL ACTION

CHAD OUBER, ET AL                                     NUMBER 08-748-FJP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss. Record document number 15. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Maj. Chad Oubre[2], Capt. John Hughes, Col. Jimmy Smith and six unidentified John Doe defendants. Plaintiff alleged that he was subjected to an excessive use of force in violation of his constitutional rights. Plaintiff also alleged claims of battery and sexual harassment under state law.

Defendants[3] moved to dismiss the complaint for failure to state a claim upon which relief can be granted under to Rule

---

[1] Record document number 18.

[2] Plaintiff identified this defendant as Chad Ouber in the complaint.

[3] The six unidentified John Doe defendants were not served with the summons and complaint and did not participate in the defendants' motion to dismiss.

12(b)(6),Fed.R. Civ. P.[4]

A.  **Failure to State a Claim**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Erickson v. Pardus*, 551 U.S. 89, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests."  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[5]  Complaints need not

---

[4] Defendants did not move to dismiss the plaintiff's state law claims.  Rather, the defendants argued that the court should decline to exercise supplemental jurisdiction over the state law claims only if the federal claims are dismissed.

[5] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint.  127 S.Ct. at 1965.  In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling,
(continued...)

anticipate, and attempt to plead around, potential affirmative defenses. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1924, 64 L.Ed.2d 572 (1980).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (quotation marks, citations, and footnote omitted).

**B.   Qualified Immunity**

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's

---

[5](...continued)
costly, and hugely time-consuming" litigation. This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson.*

clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued under § 1983 in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987).

The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id.*, at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a

defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986). A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993). In evaluating excessive force claims, the court may look to the seriousness of the injury to determine "whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley v. Albers*, 475 U.S. at 321, 106 S.Ct. at 1085. An injury is insufficient to support an excessive force claim where there is *no* physical injury or where the injury is extremely minor. *Brown v. Lippard*, 472 F.3d 384, 387 (5th Cir. 2006).

Plaintiff alleged that on June 4, 2008, a gum wrapper

containing marijuana was confiscated from him during a routine search by Sgt. J. Rice, a female correctional officer. Plaintiff alleged that after he slapped the gum wrapper out of her hand, other correctional offices wrestled him to the ground, restrained him and escorted him to Camp J.

Plaintiff alleged that after he was placed in his cell, Maj. Oubre and Capt. Hughes ordered him to remove his clothing and throw the clothing outside of his cell. Plaintiff alleged that the defendants gathered the clothing and left the tier. Plaintiff alleged that Maj. Oubre and Capt. Hughes returned a few minutes later and ordered him to come to the cell bars to be restrained. Plaintiff alleged that when he complied, Maj. Hughes sprayed him in the face with Sabre Red chemical gas. Plaintiff alleged that the defendants stepped away from the cell bars, screamed at him to stop resisting and sprayed him with several cans of the chemical agent. Plaintiff alleged that he was then restrained and permitted to shower.

Plaintiff alleged that after he completed his shower the defendants restrained him and then they left the unit. Plaintiff alleged that approximately 15 to 20 minutes later, six or more unidentified members of the cell extraction team entered his cell, knocked him to the ground, held him down with a shock shield, kicked and punched him, and sprayed him with mace. Plaintiff alleged that he was then removed from his cell and permitted to shower. Plaintiff alleged that Col. Smith came to his cell, stated

to the plaintiff "Welcome to Camp J," and told him that he would learn to never put his hands on a female security officer.[6]

Plaintiff alleged that he was escorted to the prison infirmary by Maj. Oubre and Capt. Hughes. Plaintiff alleged that while being transported, the defendants took turns punching, slapping and choking him. Plaintiff alleged that after being returned to the unit, Maj. Oubre touched him on his buttocks and later attempted to force the plaintiff's head near his genitals.

Defendants argued that the plaintiff failed to allege any facts against Col. Smith which rise to the level of a constitutional violation. Defendants argument is without merit.

Plaintiff alleged that after he was repeatedly sprayed with a chemical agent and was subjected to an unprovoked use excessive force by the unidentified members of the cell entry team, Col. Smith welcomed him to Camp J and told him that he would learn to never put his hands on a female security officer. Liberally construed, the plaintiff alleged that Col. Smith knew the unnecessary use of force had occurred, condoned the excessive use of force against the plaintiff, and was indifferent to the subsequent use of unnecessary force by Maj. Oubre and Capt. Hughes. These allegations are sufficient to state a claim against Col. Smith.

---

[6] Record document number 1, Complaint, p. 6, ¶ S. The court infers from the circumstances alleged in the complaint that this was not a genuine, heart-felt welcome by Col. Smith, but rather was a sarcastic comment intended to convey an entirely different message.

Defendants also argued that the plaintiff failed to allege that he sustained an injury as a result of the alleged excessive use of force, a necessary element to state an Eighth Amendment violation.

Plaintiff alleged that following the use of a chemical irritant and the attack upon him in the cell he was transported to the prison infirmary. Considering the plaintiff's allegations regarding the use of force and the chemical agent, a reasonable inference is that he was taken to the infirmary for treatment of injuries sustained during the altercation.

Applying the notice pleading standard dictated by *Erickson* and *Twombly*, and giving the plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, his allegations that he was repeatedly sprayed with a chemical irritant and beaten without provocation while restrained are sufficient to state a claim upon which relief can be granted.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion to dismiss be denied.

Baton Rouge, Louisiana, February 20, 2009.

*(signature)*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE