UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERICK CLAY (#441751)                 CIVIL ACTION

VERSUS

NO. 08-748-FJP-SCR

CHAD OUBRE, ET AL

## RULING

This motion is before the Court on the defendants' motion for summary judgment.[1] Plaintiff has filed an opposition to the motion.[2] For the reasons which follow, the Court finds that the motion should be granted in part and denied in part.

Federal law requires plaintiff to exhaust administrative remedies available to him at the prison prior to filing suit.[3] He failed to do so with respect to defendant Jimmy Smith. The Fifth Circuit has held that exhaustion must be accomplished by fully and properly complying with applicable prison grievance procedures before filing a suit related to prison conditions.[4]

---

[1] Rec. Doc. No. 65.

[2] Rec. Doc. No. 68.

[3] 42 U.S.C. § 1997.

[4] *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

Doc#47331

The record reflects that plaintiff made no allegations or complaints against Jimmy Smith or mentioned his alleged involvement in the incident in the record of the prison administrative remedy procedure. Furthermore, in his opposition to this motion, plaintiff did not present any argument regarding the requirement to exhaust administrative remedies as to this defendant. Thus, the Court finds that Jimmy Smith should be dismissed as a defendant in this matter.

In the alternative, the Court finds that Jimmy Smith is entitled to qualified immunity and summary judgment is proper in his favor under the facts of this case. Plaintiff's only allegation against Smith is an alleged remark made to the plaintiff which plaintiff believed to be threatening. The law is clear that even if Smith made this remark to the plaintiff, Smith would be entitled to qualified immunity for such a remark. The jurisprudence of the Fifth Circuit makes it clear that verbal abuse or even threats do not give rise to a claim cognizable under 42 U.S.C. § 1983.[5] Thus, even if the remark was made, it does not rise to the level of a constitutional violation under Section 1983.

---

[5] See *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002)("Claims of verbal abuse are not actionable under § 1983 ..."); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993)("Mere allegations of verbal abuse do not present actionable claims under § 1983."); see also *Westbrook v. Treon*, 78 Fed. Appx. 970, 972 (5th Cir. 2003)("Verbal threats do not rise to the level of a constitutional violation.").

In the absence of a constitutional violation, there is no claim. Further, it could not have been clear to Smith that the making such a remark was unlawful.

It is true that a statement could be evidence of deliberate indifference to the actions of others. To act with deliberate indifference, an official must be aware of facts from which the indifference could be drawn that a substantial risk of harm exists, and must also draw the inference.[6]

The Court finds from a review of the record in this case that plaintiff has presented insufficient summary judgment type evidence to defeat Smith's motion. There is no proof in the record that Smith was aware of any particular details of the incident which occurred before or after plaintiff's removal from the cell. There is no evidence that Smith knew or should have known that plaintiff would be subjected to any particular risk of harm which Smith could or should have prevented. In fact, plaintiff does not allege that he advised Smith of the alleged excessive force or asked for protection.

Therefore, the Court finds in the alternative that Jimmy Smith is entitled to the defense of qualified immunity, and his motion for summary judgment should be granted.

As to the other named defendants in this matter, the Court finds that there are genuine issues of material fact in dispute

---

[6]*Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

such that summary judgment is not proper.  Therefore, the motion for summary judgment by the remaining defendants shall be denied, and the jury trial scheduled to begin on June 27, 2011, shall proceed.

IT IS SO ORDERED.

Baton Rouge, Louisiana, June 27, 2011.

FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA